UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MILTON FORTIER                          CIVIL ACTION

VERSUS                                  NO: 06-10065

STATE FARM FIRE & CASUALTY              SECTION: "A" (3)
CO., ET AL.

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by plaintiff Milton Fortier. Defendant State Farm Fire & Casualty Co. opposes the motion. The motion, set for hearing on February 21, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **DENIED**.

I.   **BACKGROUND**

Plaintiff initiated this suit in state court against State Farm Fire & Casualty Co. ("State Farm") and Christopher Nolan ("Nolan"), the insurance agent who "wrote" Plaintiff's flood and homeowner's policies. (Pet. ¶ 12). Plaintiff alleges that his property located in Violet, Louisiana was severely damaged during Hurricanes Katrina and Rita and that State Farm has refused to tender the policy limits. Plaintiff also alleges that Nolan negligently set different limits on the homeowner's and flood policies thereby causing Plaintiff to be underinsured. (Id. ¶¶ 12-14).

State Farm removed the case asserting that Plaintiff

improperly joined Nolan solely to defeat federal jurisdiction. Plaintiff and Nolan are both citizens of Louisiana. State Farm argues that Plaintiff does not state a claim against Nolan under the facts alleged and the diversity jurisdiction exists over the claim between Plaintiff and State Farm.[1]

Plaintiff moves to remand the case to state court. Plaintiff argues that State Farm has not met its burden of establishing the jurisdictional amount is satisfied.

## II.  <u>DISCUSSION</u>

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003) (citing <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 698 (5th Cir. 1999)). The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. <u>Ross v. Citifinancial, Inc.</u>, 344 F.3d 458, 462 (5th Cir. 2003) (citing <u>Travis</u>, 326 F.3d at 648). However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not

_____

[1] In the notice of removal State Farm also alleged that removal was appropriate because the Court has federal question jurisdiction over this matter. State Farm does not argue this basis for removal in its memorandum in opposition.

limited to the pleadings.  <u>See</u> <u>id.</u> at 462-63.  Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence.  <u>Id.</u> at 463 (citing <u>Travis</u>, 326 F.3d at 648-49).

The Louisiana Supreme Court has long-recognized that an insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. <u>Karam v. St. Paul Fire & Marine Ins. Co.</u>, 281 So. 2d 728, 730 (La. 1973).  The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. <u>Id.</u> at 730-31 (citations omitted).  To recover for losses resulting from such failure, the plaintiff must prove (1) an undertaking or agreement by the insurance agent to procure insurance, (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance, and (3) action by the agent warranting the client's assumption that the client was properly insured. <u>Offshore Prod. Contrs., Inc. v. Republic Underwriters Ins. Co.</u>, 910 F.2d 224, 229-30 (5th Cir. 1990) (citations omitted); <u>Taylor v. Sider</u>, 765 So. 2d 416, 418 (La. App. 4th Cir. 2000)

(citing <u>Opera Boats, Inc. v. Continental Underwriters, Ltd.</u>, 618 So. 2d 1084, 1085-86 (La. App. 1st Cir. 1993)).

Plaintiff has no reasonable possibility of recovery against Nolan on the facts alleged. Plaintiff does not and cannot allege that Nolan was negligent in failing to procure the specific coverage that Plaintiff requested. Instead, Plaintiff is seeking to recover for the breach of duties that Louisiana law does not impose. This Court has already held that Louisiana law does not impose a duty on an insurance agent to counsel an insured on policy limits. <u>Parker v. Lexington Insurance Co.</u>, No. 06-4156, 2006 WL 3328041 (E.D. La. Nov. 15, 2006). Moreover, Plaintiff does not allege that Nolan undertook any specific duties beyond those imposed by Louisiana law.

Plaintiff makes a very brief argument in opposition relying solely on the ruling issued in <u>Roby v. State Farm Fire & Casualty</u>, No. 06-6656, 2006 WL 3419780 (E.D. La. Nov. 27, 2006) (Hittner, J.). Plaintiff argues that the <u>Roby</u> case was very similar to this one and that remand was ordered in that case. However, Plaintiff's reliance on <u>Roby</u> is misplaced. The <u>Roby</u> plaintiffs alleged that their insurance agent had failed to advise them about the availability of excess flood coverage. The district court rejected the fraudulent joinder argument because some Louisiana appellate courts have held that an agent has a duty to inform an insured

4

about the *availability* of flood coverage.  <u>Roby</u>, 2006 WL 3419780 at

*5.  The specific claims against the agent in Roby that made remand

appropriate are not at issue in this case.

Finally, the Court is persuaded that the amount in controversy

does exceed $75,000.  In <u>Luckett v. Delta Airlines, Inc.</u>, the Fifth

Circuit summarized the analytical framework for determining whether

the amount in controversy requirement is met in cases removed from

Louisiana state courts where specific allegations as to damage

quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In

such cases, the removing defendant, as the party invoking the

federal court's jurisdiction, bears the burden of proving, by a

preponderance of the evidence, that the amount in controversy

exceeds $75,000.  <u>Id.</u> (citing <u>De Aquilar v. Boeing Co.</u>, 11 F.3d 55,

58 (5th Cir. 1993)).  As the Fifth Circuit explained:

> The defendant may make this showing in either of two
> ways: (1) by demonstrating that it is "facially apparent"
> that the claims are likely above $75,000, or (2) by
> setting forth the facts in controversy – preferably in
> the removal petition, but sometimes by affidavit – that
> support a finding of the requisite amount.

<u>Id.</u> (citing <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th
Cir. 1995)).

In the notice of removal State Farm states that Plaintiff's

homeowner's policy has a limit of $79,485.00 and that $14,203.08

has been paid to date leaving a difference of $65,281.91.  (Rem.

Ntc. ¶ 54).  Given that Plaintiff is seeking full recovery under Louisiana's Valued Policy Law, La. R.S. 22:695, as well as penalties and attorney's fees under Louisiana law, La. R.S. § 22:658 and La. R.S. § 22:1220, the amount in controversy clearly exceeds $75,000.00.

In sum, Plaintiff has no possibility of recovering against Nolan in state court.  Nolan's citizenship is therefore ignored for purposes of determining subject matter jurisdiction.  Because the remaining parties are completely diverse and the amount in controversy exceeds $75,000, the Court can exercise subject matter jurisdiction over this matter.  The case was properly removed.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by plaintiff Milton Fortier should be and is hereby **DENIED**.

February 28, 2007

———————————————————
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE